UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

KENDRICK E. DULDULAO,

    Plaintiff,

vs.

BERN'S STEAK HOUSE, INC., a Florida corporation,
d/b/a BERN'S STEAK HOUSE,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, KENDRICK E. DULDULAO, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Amended Complaint and sues BERN'S STEAK HOUSE, INC., a Florida corporation, d/b/a BERN'S STEAK HOUSE (hereinafter, collectively, the "Defendant"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

**JURISDICTION AND PARTIES**

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2.    Venue is proper in this Court, Middle Division pursuant to 28 U.S.C. §1391(B) and Rule 3.1 of the Local Rules of the United States District for the Middle

1

District of Florida in that all events giving rise to this lawsuit occurred in Hillsborough County, Florida.

3   At the time of Plaintiff's visit to BERN'S STEAK HOUSE prior to instituting the instant action, KENDRICK E. DULDULAO (hereinafter referred to as "DULDULAO") was a resident of the State of Florida, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, and used a wheelchair for mobility, the Plaintiff personally visited BERN'S STEAK HOUSE but was denied full and equal access to, and full and equal enjoyment of, the facilities within BERN'S STEAK HOUSE which is the subject of this lawsuit.

4.   The Defendant, BERN'S STEAK HOUSE, INC., a Florida corporation, d/b/a BERN'S STEAK HOUSE is authorized to conduct, and is conducting business within the State of Florida.  Upon information and belief, BERN'S STEAK HOUSE, INC., is the lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the restaurant commonly referred to as BERN'S STEAK HOUSE located at 1208 S. Howard Avenue, Tampa, Florida (hereinafter and heretofore referred to as "BERN'S") which also maintains and controls the Subject Facility.

5.   All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises is located in Hillsborough County in the Middle District.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

6.   On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 <u>et. seq.</u> Commercial enterprises were

provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

7. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

8. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

9.  Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, BERN'S is a place of public accommodation in that it is a restaurant which provides food, beverages and services to the public.

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

11. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

12. Defendant has discriminated, and continues to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at JACKSON'S in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

13. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered

at BERN'S. Prior to the filing of this lawsuit, the Plaintiff visited the subject property and was denied full and safe access to all the benefits, accommodations and services of the Defendant, BERN'S STEAK HOUSE, INC. Prior to the filing of this lawsuit, DULDULAO personally visited BERN'S with the intention of using Defendant's facilities, but was denied full and safe access to the facilities of BERN'S and therefore suffered an injury in fact. As stated herein, the Plaintiff has visited the Subject Facility in the past, resides within a relatively short driving distance to said Subject Facility, and importantly, Plaintiff plans to immediately return to the Subject Facility, immediately upon it being made accessible. Notwithstanding Plaintiff's plans of immediate return, upon the Subject Facility being made accessible, Plaintiff is likely to be subjected to continuing discrimination at the Subject Facility unless it is made readily accessible to and usable by individuals with disabilities to the extent required by the ADA, including the removal of the architectural barriers which remain at the Subject Facility.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

15. The Defendant's Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

5

(i)    Valet stand at the Subject Facility is at an inaccessible height in violation of 28 C.F.R. Part 36.

(ii)   Failure to provide a securely attached carpet/mat, at the exterior entrance of the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(iii)  The door handles at the main entrance at the Subject Facility are at an inaccessible height in violation of 28 C.F.R. Part 36.

(iv)   Failure to provide securely attached carpet/mat, at the 2nd set of doors at the main entrance of the Subject Facility, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(v)    Hostess stand at the Subject Facility is at an inaccessible height in violation of 28 C.F.R. Part 36.

(vi)   The waiting couch and table near hostess stand are not accessible in violation of 28 C.F.R. Part 36.

(vii)  The tables, located in the bar area, are at inaccessible height in violation of 28 C.F.R. Part 36, Section 4.32.4.

(viii) The bar, in the bar area of the Subject Facility, is higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.

(ix)   The dining area, in bar room, is inaccessible, due to step into said dining area, in violation of 28 C.F.R. Part 36.

(x)     Failure to provide a safe, accessible entrance to the restrooms, located in main entry area, due to numerous steps, on stairway, leading to said area, in violation of 28 C.F.R. Part 36.

(xi)    Failure to provide adequate maneuverability space in front of the interior dining room restroom in violation of 28 C.F.R. Part 36.

(xii)   Failure to provide the required informational signage on the restroom entrance door to interior dining room restroom as required by 28 C.F.R. Part 36, Section 4.3.

(xiii)  Failure to provide an accessible urinal in interior dining room restroom, due to partitions being too narrow at said urinal, in violation of 28 C.F.R. Part 36, Section 4.1.

(xiv)   Failure to completely and properly insulate exposed hot water and abrasive drain pipes under lavatories to prevent burns and scrapes as required by 28 C.F.R. Part 36, Section 4.19.4.

(xv)    Failure to provide at least 17 inches depth clearance under lavatory in interior dining room restroom, due to hanging curtains under said lavatory, as required by 28 C.F.R. Part 36, Section 4.19.2.

(xvi)   Failure to provide a rear grab bar around toilet at an accessible height in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xvii)  Failure to provide a side grab bar around toilet at an accessible height in accordance with 28 C.F.R. Part 36, Section 4.17.6.

(xviii) "Andre Tchelistcheff Dining Room" is inaccessible due to narrow entrance to said area in violation of 28 C.F.R. Part 36.

(xix)   Failure to provide accessible pathway/aisle of 36" wide throughout tour of the kitchen area in violation of 28 C.F.R. Part 36.

(xx)   The water fountain located on the tour pathway is inaccessible in violation of 28 C.F.R. Part 36.

(xxi)   The door hardware on entry door to wine cellar, located in tour area is inaccessible in violation of 28 C.F.R. Part 36.

(xxii)   Failure to provide an accessible entry door to wine cellar, in tour area, that does not exceed a maximum pushing or pulling force of 8.5 lbf (37.8 N) in compliance with 28 C.F.R. Part 36, Section 4.13.11(2)(a), F.A.C.11-13.11(2)(a).

(xxiii)   Failure to provide accessible pathways of 36" wide throughout the wine cellar area in violation of 28 C.F.R. Part 36.

(xxiv)   Failure to provide coat hook on stall door at accessible height in interior dining room restroom in compliance with the requirements of 28 C.F.R. Part 36, Section 4.1.3(12), and Section 4.25.3.

(xxv)   Failure to provide safe handicap accessible ramps in the wine cellar tour area, due, in part, to steep and non-compliant ramps at said wine cellar tour area with no handrails and/or guardrails on the ramps in violation of 28 C.F.R. Part 36.

(xxvi)   Failure to provide accessible door hardware on inside entry door to wine cellar, located in tour area, that can be opened with a closed fist in violation of 28 C.F.R. Part 36, Section 4.23.9.

(xxvii) Hostess stand in the Dessert Room is at an inaccessible height in violation of 28 C.F.R. Part 36.

(xxviii) The numerous dining tables, with step to said inaccessible tables located in the Dessert Room, are at inaccessible height in violation of 28 C.F.R. Part 36, Section 4.32.4.

(xxix) Failure to provide the required informational signage on the restroom entrance door to the Dessert Room area restroom as required by 28 C.F.R. Part 36, Section 4.3.

(xxx) Failure to completely and properly insulate exposed hot water and abrasive drain pipes under lavatories, in the Dessert Room area restroom, to prevent burns and scrapes as required by 28 C.F.R. Part 36, Section 4.19.4.

(xxxi) Failure to provide accessible toilet flushing mechanism on toilet located in Dessert Room area restroom, in violation of 28 C.F.R. Part 36.

(xxxii) Failure to provide accessible flushing mechanism on urinals located in Dessert Room area restroom, in violation of 28 C.F.R. Part 36.

(xxxiii) Failure to provide adequate maneuverability space in front of the Dessert Room area restroom in violation of 28 C.F.R. Part 36.

(xxxiv) Failure to provide an ADA compliant telephone at the Dessert Room table in violation of 28 C.F.R. Part 36.

(xxxv) Failure to provide an accessible ATM, due, in part to numerous steps, on stairway, leading to said area in violation of 28 C.F.R. Part 36.

(xxxvi) The house telephone, located in booth, is inaccessible, due to improper door hardware at said telephone booth, telephone is not ADA compliant, and

9

numerous steps, on stairway, leading to said area in violation of 28 C.F.R. Part 36.

(xxxvii)  Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xxxviii)  Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

(xxxix) Failure to provide an adequate number of accessible handicap spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel from adjacent parking to the Subject Facility as required by 28 C.F.R. Part 36, Section 4.6.2.

(xl)  Failure to provide one in every eight accessible spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible" as required by 28 C.F.R. Part 36, Section 4.6.4. and Section 4.1.2(5)(b).

16. Upon information and belief, there are other current violations of the ADA at BERN'S. The discriminatory violations described above, in paragraph 15, are not an exclusive list of the ADA violations at the Subject Facility, and Plaintiff requires an inspection of the Subject Facility in order to determine all of the discriminatory acts violating the ADA.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate

compliance with the provisions of the ADA. The barriers to access at the Subject Facility, as described above, have severely diminished Plaintiff's ability to avail himself of the goods and services offered at the Subject Facility, and compromise his safety.

18. Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendant was required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

19. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

20. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant and requests the following injunctive and declaratory relief:

    A.    The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendant is violative of the ADA;

    B.    The Court enter an Order requiring the Defendant to alter its facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

C.     The Court enter an Order directing the Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to the Subject Facility;

D.     The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.     The Court award such other and further relief as it deems necessary, just and proper.

Dated this 19th day of November, 2009.

Respectfully submitted,

By: <u>s/ B. Bradley Weitz</u>
    B. Bradley Weitz, Esq.
    Florida Bar No. 479365
    THE WEITZ LAW FIRM, P.A.
    Attorney for Plaintiff
    Bank of America Building
    18305 Biscayne Blvd., Suite 214
    Aventura, Florida 33160
    Telephone:   (305) 949-7777
    Facsimile:   (305) 704-3877